GREBNER v CLINTON CHARTER TOWNSHIP

Docket No. 173983. Submitted April 2, 1996, at Lansing. Decided May 24, 1996, at 9:00 A.M.

Mark Grebner brought an action in the Ingham Circuit Court against Clinton Charter Township and the township clerk, challenging the manner in which the defendants calculated the fee they charged for copies of voter registration rolls requested pursuant to the Freedom of Information Act (FOIA), MCL 15.231 et seq.; MSA 4.1801(1) et seq. The plaintiff contended that the defendants' fee, which reflected the incremental cost of duplicating the records and an amount meant to defray the defendants' capital expenditure in computerizing their maintenance of public records, violated the FOIA. The defendants contended that the request fell within an exception to the FOIA and was governed by the Michigan Election Law, MCL 168.1 et seq.; MSA 6.1001 et seq., and that the fee was proper thereunder. The court, James R. Giddings, J., ruled that the request was governed by the FOIA, granted summary disposition for the plaintiff, ordered the defendants to refund the excess fee charged, and entered a permanent injunction forbidding the defendants from charging more than their incremental costs in the future. The defendants appealed.

The Court of Appeals held:

1. Section 522(1) of the Michigan Election Law, MCL 168.522(1); MSA 6.1522(1), is not a statute that specifically authorizes the sale of voter registration rolls and, therefore, does not provide an exception to the fee structure set forth in the FOIA that applies to public records prepared under an act or statute that "specifically" authorizes the sale of public records to the public, MCL 15.234(4); MSA 4.1801(4)(4).

2. The primary definition of the word "specific" is "explicit." Section 522 provides only for the payment of costs of preparing copies of voter registration records, as opposed to their sale, and clearly is not explicit authorization for the sale of voter registration rolls. The defendants' actions did not fall within the exception to the FOIA's incremental costs limitation and violated the act. The trial court properly granted summary disposition for the plaintiff.

3. The trial court did not err in awarding the plaintiff damages with regard to two FOIA requests that he made. Although the plaintiff's pleadings allegedly indicated that he had been wronged with respect to only one request, the defendants gave their implied consent to the adjudication of the issues pertaining to both requests by failing to object in the trial court when both requests were addressed.

4. The issue regarding the defendants' contention that the circuit court erred in denying their motion for a change of venue is moot. No order, judgment, or decree is void or voidable solely on the ground that there was improper venue.

5. The matter must be remanded for a hearing addressing the defendants' incremental cost in complying with the plaintiff's requests.

Affirmed and remanded.

1. RECORDS — FREEDOM OF INFORMATION ACT — FEE STRUCTURE — MICHIGAN ELECTION LAW.

The fee structure that provides the fee that a public body may charge for providing a copy of a public record pursuant to the Freedom of Information Act does not apply to public records prepared under an act or statute specifically authorizing the sale of those public records; section 522(1) of the Michigan Election Law, which provides for the payment of costs of preparing copies of voter registration records, is not a statute specifically authorizing the sale of voter registration rolls so as to exclude a request under the Freedom of Information Act for a copy of voter registration rolls from the fee structure of the Freedom of Information Act (MCL 15.234, 168.522[1]; MSA 4.1801[4], 6.1522[1]).

2. WORDS AND PHRASES — "SPECIFIC" — "EXPLICIT."

The primary definition of the word "specific" is "explicit."

*George Brookover, P.C. (by George Brookover)*, for the plaintiff.

*Towner & Towner, P.C. (by Charles R. Towner)*, for the defendants.

Amicus Curiae:

*Bauckham, Sparks, Rolfe & Thomsen, P.C. (by John K. Lohrstorfer)*, for the Michigan Townships Association.

Before: O'Connell, P.J., and Hood and C. L. Horn, JJ.

O'Connell, P.J. In this Freedom of Information Act action, defendants appeal as of right an order of the circuit court granting summary disposition for plaintiff and enjoining defendants from charging more than the incremental cost of the duplication of voter registration records. We affirm the legal ruling of the lower court, but remand because the present record is insufficient to determine defendants' incremental costs.

In January and December, 1992, plaintiff requested of defendants copies of certain public records, specifically, voter registration rolls. Plaintiff requested this information pursuant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, which limits the amount a public body may charge for copies of public records to the "incremental cost of duplication or publication." MCL 15.234(1); MSA 4.1801(4)(1). The parties agree that the term "incremental cost" encompasses only the additional cost of duplication; it does not take into account the initial capital expenditure that facilitates duplication.

Defendants readily complied with plaintiff's requests, duplicating the voter registration rolls onto magnetic tape as requested by plaintiff. However, defendants charged plaintiff a fee that reflected not only the incremental cost of duplicating the public records, but which also included a flat "per name" charge. This "per name" charge, it was later disclosed, was meant to defray defendants' capital expenditure in computerizing their maintenance of public records. With respect to plaintiff's December request, deposition testimony suggested that the incremental cost of complying with the request was approximately $90.

However, defendants charged plaintiff approximately $640. The difference was meant to compensate defendants for their expenditure in computerizing their operations.

Plaintiff brought suit, challenging the manner in which defendants calculated the fee they charged for the copying of public records. Plaintiff contended that, pursuant to the FOIA, defendants could charge only the incremental cost of producing copies of public records.

Defendants argued that plaintiff's particular request, namely, voter registration rolls, fell within an exception to the FOIA, and was governed instead by the Michigan Election Law, MCL 168.1 *et seq.*; MSA 6.1001 *et seq.* Because the Michigan Election Law allowed defendants to recover their "costs," as opposed to their "incremental costs," defendants submitted that they were entitled to charge a fee that reflected the cost of their capital expenditure as well as the incremental cost.

The circuit court ruled that plaintiff's request was governed by the FOIA, and granted summary disposition for plaintiff, ordering defendants to refund the excess fee charged. The court also issued a permanent injunction forbidding defendants from charging more than their incremental costs in the future. Defendants now appeal as of right.

Although the record is unclear with regard to this issue, it appears the circuit court granted plaintiff's motion for summary disposition, brought under MCR 2.116(C)(9) and (10), pursuant to MCR 2.116(C)(9) only. MCR 2.116(C)(9) provides that summary disposition is appropriate where "[t]he opposing party has failed to state a valid defense to the claim asserted

against him or her." A motion brought pursuant to this subrule is analogous to one brought pursuant to MCR 2.116(C)(8) in that both motions are tested by the pleadings alone, with the court accepting all well-pleaded allegations as true. Where the nonmoving party's defenses are "so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery," summary disposition pursuant to MCR 2.116(C)(9) is warranted. *Norgan v American Way Life Ins Co*, 188 Mich App 158, 160; 469 NW2d 23 (1991), quoting *Hazel Park v Potter*, 169 Mich App 714, 718; 426 NW2d 789 (1988) (internal quotation marks omitted). Our review of motions for summary disposition is de novo. *Stehlik v Johnson (On Rehearing)*, 206 Mich App 83, 85; 520 NW2d 633 (1994).

To determine whether the present defendants' defenses were clearly untenable as a matter of law, we must first consider plaintiff's cause of action. The Freedom of Information Act declares that it is the public policy of this state to entitle all persons to complete information regarding governmental affairs so that they may participate fully in the democratic process. Specifically, MCL 15.233(1); MSA 4.1801(3)(1), provides, in relevant part, that "[u]pon an oral or written request which describes the public record sufficiently to enable the public body to find the public record, a person has a right to inspect, copy, or receive copies of a public record of a public body." The fee that may be charged by the public body for this service is set forth in MCL 15.234; MSA 4.1801(4), which provides, in relevant part, as follows:

1) A public body may charge a fee for providing a copy of a public record. Subject to subsection (3), *the fee shall be*

*limited to actual mailing costs, and to the actual incremental cost of duplication or publication including labor, the cost of search, examination, review, and the deletion and separation of exempt from nonexempt information . . . .*

\*       \*       \*

3) In calculating the costs under subsection (1), a public body may not attribute more than the hourly wage of the lowest paid, full-time, permanent clerical employee of the employing public body to the cost of labor incurred in duplication and mailing and to the cost of examination, review, separation, and deletion. A public body shall utilize the most economical means available for providing copies of public records. A fee shall not be charged for the cost of search, examination, review, and the deletion and separation of exempt from nonexempt information . . . unless failure to charge a fee would result in unreasonably high costs to the public body because of the nature of the request in the particular instance, and the public body specifically identifies the nature of these unreasonably high costs. [Emphasis supplied.]

To paraphrase plaintiff's complaint, he pleaded that he was entitled to copies of the public records that he requested, MCL 15.233(1); MSA 4.1801(3)(1), that defendants could charge only "the actual incremental cost of duplication," MCL 15.234(1); MSA 4.1801(4)(1), and that defendants had charged a fee in excess of that amount. Because defendants had violated the provisions of the FOIA, plaintiff argued, he was entitled to relief.

Defendants argued that their charges were lawful because they fell within an exception to the FOIA. The FOIA creates an exception to the fee structure set forth above, stating that that structure

*does not apply to public records prepared under an act or
statute specifically authorizing the sale of those public
records to the public,* or where the amount of the fee for
providing a copy of the public record is otherwise specifi-
cally provided by an act or statute. [MCL 15.234(4); MSA
4.1801(4)(4) (emphasis supplied).]

Defendants contended that the Michigan Election
Law "specifically authorizes the sale" of voter regis-
tration rolls. Section 522(1) of the Michigan Election
Law, MCL 168.522(1); MSA 6.1522(1), states that

[a] county clerk who has a computerized file of registered
voters in the county shall make, certify, and deliver to any
person a computer tape, disk, or listing, as specified by the
person, of the names and addresses of the registered elec-
tors of a township, city, village, school district, ward, or
precinct *upon the payment to the clerk of the cost of mak-
ing, certifying, and delivering the tape, disk, or listing.*
[Emphasis supplied.]

Because the Michigan Election Law thus provides for
the sale of voter registration records and also pro-
vides for the recovery of the "cost" of copying voter
registration rolls onto magnetic tape, as opposed to
the "incremental cost" as provided for under the FOIA,
defendants contended that they were justified in pass-
ing on their *total cost* to plaintiff.

The main issue on appeal is, therefore, a narrow
one. We must determine whether § 522(1) of the
Michigan Election Law is a "statute specifically
authorizing the sale" of voter registration rolls so as
to fall within that exception to the FOIA. We conclude
that it is not.

This Court is familiar with several statutes *specifi-
cally* authorizing the "sale" of various public docu-
ments and records. For example, MCL 24.259(2); MSA

3.560(159)(2), in the context of the Michigan Register, states that "[t]he department of management and budget shall hold [individual copies of the Michigan Register] for sale at a price not less than the publication and distribution costs." Similarly, MCL 4.1204(3); MSA 2.138(204)(3), allows for "the sale of access" to legislative data bases. A primary definition of the word "specific" is "explicit." *Random House Webster's College Dictionary*, p 1285, def 1. We are confident that these examples *specifically*, that is, explicitly, authorize sales.

In contrast, the Michigan Election Law, § 522, provides only for the payment of costs of preparing copies of voter registration records, as opposed to their sale. Clearly, this is not *explicit* authorization of the sale of voter registration rolls. Defendants argue, in effect, that this Court should not consider "sale" a magic word, that language providing for the recovery of costs is tantamount to a sale, to a sale "at cost." Defendants' position is not entirely without merit. However, one of the cardinal rules of statutory construction is that each word of a statute is to be afforded meaning if at all possible. *Altman v Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992). Our construction, construing the word "specifically" in accordance with its dictionary definition of "explicitly," complies with this rule of construction. Defendants have advanced no interpretation of the word "specifically" favorable to their position. Therefore, in the absence of a countervailing argument regarding the meaning of the word "specifically" as used in the FOIA, we conclude that the Michigan Election Law contains no *specific* authorization for the *sale* of voter registration records. Accordingly, defendants'

actions do not fall within the exception to the FOIA's "incremental costs" limitation, and defendants were in violation of the FOIA when they charged more than their incremental costs of preparing copies of voter registration rolls. Because no factual development could possibly deny plaintiff's right to recovery, summary disposition pursuant to MCR 2.116(C)(9) was appropriate.

Defendants raise three other allegations of error that we will address briefly. First, defendants argue that the circuit court erred in awarding plaintiff damages for his January 1992 FOIA request when plaintiff's pleadings indicated only that he had been wronged with respect to his December 1992 FOIA request. However, defendants raised no objection when the January 1992 FOIA request was addressed in the proceedings below. "[I]ssues not raised in a pleading may be tried by implied consent and then treated as if they had been raised in the pleadings." *Goins v Ford Motor Co*, 131 Mich App 185, 195; 347 NW2d 184 (1983); see also MCR 2.118(C)(1). Because defendants did not object below, we deem them to have given their implied consent to the adjudication of issues pertaining to plaintiff's January 1992 FOIA request.

Second, defendants contend that the circuit court erred in denying their motion for a change of venue. This issue is moot because "[n]o order, judgment, or decree shall be void or voidable solely on the ground that there was improper venue." MCL 600.1645; MSA 27A.1645. The proper manner in which to raise this issue is an interlocutory appeal from the order denying the motion for a change of venue. See, e.g., *Gross v General Motors Corp*, 199 Mich App 620, 625; 502

NW2d 365 (1993), rev'd on other grounds 448 Mich 147; 528 NW2d 707 (1995).

Third, defendants challenge the amount of damages awarded. The circuit court awarded plaintiff a specific dollar amount in damages, but the record does not reflect the court's reasoning in arriving at that figure. Because the appropriate award in the present case would turn on defendants' incremental cost in complying with plaintiff's requests, a matter apparently not argued before the circuit court, we remand to allow the parties to present evidence regarding this issue.

Affirmed, but remanded for a hearing addressing the issue of damages. Jurisdiction is not retained.