OAKLAND COUNTY TREASURER v THE TITLE OFFICE, INC

Docket No. 216846. Submitted February 8, 2001, at Detroit. Decided April 3, 2001, at 9:00 A.M.

The Oakland County Treasurer brought an action in the Oakland Circuit Court against The Title Office, Inc., seeking a declaration concerning the proper fee to be charged the defendant for the plaintiff's supplying certain tax records pursuant to a request for those records made by the defendant under the provisions of the Freedom of Information Act (FOIA), MCL 15.231 *et seq.* The defendant requested an electronic copy of property tax records and delinquent tax records for the years 1995-97, indicating a willingness to pay the required deposit and fees in accordance with the provisions of the FOIA. The plaintiff granted the defendant's FOIA request but indicated that the defendant would be charged the statutory fee for delinquent tax records required by MCL 48.101, which would result in a substantial cost to the defendant instead of the rather nominal cost if the fees were calculated under the FOIA fee provisions. The plaintiff commenced the declaratory judgment action to determine whether the fees to be charged should be those set forth in MCL 48.101. Both the plaintiff and the defendant moved for summary disposition. The court, Alice L. Gilbert, J., denied the plaintiff's motion for summary disposition and granted summary disposition for the defendant, finding that the FOIA fee provisions apply with respect to records requested under the FOIA unless some other statute specifically authorizes the sale of requested records and that MCL 48.101 did not specifically authorize the sale of requested records and holding that the fees were to be computed under the provisions of the FOIA. The plaintiff appealed.

The Court of Appeals *held*:

1. Subsection 4(1) of the FOIA, MCL 15.234(1), provides that a public body can charge a fee for the providing of a copy of a public record, but that the fee is limited to actual costs associated with the finding, preparing, and duplication of any requested record or records. Subsection 4(4) of the FOIA, MCL 15.234(4), provides that § 4 of the FOIA does not apply "to public records prepared under an act or statute specifically authorizing the sale of those public records to the public, of if the amount of the fee for providing a

copy of the public record is otherwise specifically provided by an act or statute."

2. MCL 48.101(1) provides that "[a] county treasurer shall make upon request a transcript of any paper or record on file in the treasurer's office" for specific fees depending on the type of paper or record requested. Among the fees specified are fees for "an abstract of taxes on any description of land," for a "copy of any paper or document," and for "statements in respect to the payment of taxes . . . contained in the certificate" that the treasurer was required to prepare under the general property tax act.

3. The defendant requested an electronic copy of property tax data, not physical copies of the physical certificates, abstracts, or transcripts, documents clearly contemplated by the provisions of MCL 48.101. Accordingly, because there is no explicit language in MCL 48.101 that authorizes the sale of electronic copies of delinquent tax records, the fee for the requested records is the nominal fee computed pursuant to the provisions of the FOIA. Summary disposition for the defendant was appropriately granted.

Affirmed.

RECORDS — FREEDOM OF INFORMATION ACT — TAX RECORDS — COUNTY TREASURERS — ELECTRONIC COPIES OF RECORDS — FEES.

The fee to be charged by a county treasurer for an electronic copy of delinquent tax records supplied pursuant to a request made under the Freedom of Information Act is the fee determined in accordance with the fee provisions of the Freedom of Information Act rather than the fee schedule contained in the county treasurer's records fee act (MCL 15.234, 48.101).

*William G. Pierson,* for the plaintiff.

*Warner Norcross & Judd LLP* (by *Daniel R. Gravelyn* and *Molly E. McFarlane*), for the defendant.

Amici Curiae:

*Cohl, Stoker & Toskey, P.C.* (*Bonnie G. Toskey* and *Timothy M. Perrone*), for the Washtenaw County Treasurer and others.

*McClelland & Anderson, L.L.P.* (by *Gregory L. McClelland* and *Kelly A. Myers*), for the Michigan Association of Realtors.

Before: WHITBECK, P.J., and MURPHY and COOPER, JJ.

COOPER, J. Plaintiff, the Oakland County Treasurer, appeals as of right from an order granting summary disposition for defendant in a copy fee dispute under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.* We affirm.

This case arises from defendant's written FOIA request to the Oakland County Treasurer for an electronic copy of property tax records and delinquent tax records for 1995 through 1997. Defendant was willing to provide the medium for plaintiff to transfer the information and to pay the required deposit and fee according to the provisions of the FOIA.[1] Plaintiff granted defendant's FOIA request but stated that he was required to charge the statutory fee for delinquent tax records under MCL 48.101, of $1.00 per parcel and that the cost of the request would be approximately $438,000.[2]

Plaintiff filed the instant action in the circuit court to determine whether the fee provisions of the FOIA or MCL 48.101(1)(a) and (d) would apply to defendant's requested information. Thereafter, plaintiff filed an amended complaint that differed from the original because it specified that the cost for delinquent property tax records was set by MCL 48.101(2). Additionally, plaintiff stated that, under MCL 48.101(1)(d), plaintiff was required to charge a fee of twenty-five cents per one hundred words for a copy of any paper

---

[1] It is undisputed that Oakland County maintains the records at issue on a computer database and that it is capable of producing defendant's requested information.

[2] This amount is calculated utilizing MCL 48.101(2). It is undisputed that the cost to defendant under the FOIA would be nominal and calculated in hundreds of dollars, as opposed to $438,000.

or document. Furthermore, plaintiff alleged that, under MCL 48.101(3), he was not permitted to furnish any abstract, copy, or statement made for less than fifty cents. Thus, under these subsections of MCL 48.101, the total charge to defendant would be more than $438,000.

Defendant's motions to dismiss, claiming plaintiff lacked standing to bring the action, were denied by the trial court and are not at issue in the instant action.

Plaintiff subsequently brought a motion for summary disposition under MCR 2.116(C)(10), arguing that there was no genuine issue of fact and that plaintiff was entitled to judgment as a matter of law. Plaintiff took the position that the FOIA fee provision contained an exception for public records for which the amount of the fee was specifically provided for by statute and that this exception applied because MCL 48.101 specifically provided fees to be charged for the requested information. Defendant responded by filing a cross motion for summary disposition under MCR 2.116(I)(2), asserting that plaintiff could only charge nominal fees under the FOIA, because the fee provisions of MCL 48.101 did not pertain to information obtained in electronic format and were not an explicit exception to the FOIA.

The trial court denied plaintiff's motion for summary disposition under MCR 2.116(C)(10) and granted defendant's motion for summary disposition under MCR 2.116(I)(2). The court found that the exception to the FOIA required that a statute must explicitly authorize the sale of records in order to fit within the exception, that MCL 48.101 did not explicitly authorize the sale of such documents, and, therefore, that

the fees were to be computed under the FOIA provisions.

The central issue for this Court to decide is whether the statute governing the fees a county treasurer can charge for property tax information fits within an exception to the FOIA mandate that only nominal fees be charged for public records. Additionally, this Court is asked to determine whether that dispute is affected by defendant's request for the information in electronic format as opposed to paper copies.

A trial court's grant or denial of summary disposition is reviewed de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Summary disposition is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Auto-Owners Ins Co v Allied Adjusters & Appraisers, Inc*, 238 Mich App 394, 397; 605 NW2d 685 (1999); MCR 2.116(C)(10). If it appears that the opposing party is entitled to judgment, the court may render judgment in favor of the opposing party pursuant to MCR 2.116(I)(2). *Auto-Owners Ins Co, supra* at 397.

Statutory interpretation is a question of law that is also subject to review de novo on appeal. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998). Statutory language should be construed reasonably with the purpose of the act kept in mind. *People v Seeburger*, 225 Mich App 385, 391; 571 NW2d 724 (1997), quoting *USAA Ins Co v Houston General Ins Co*, 220 Mich App 386, 389-390; 559 NW2d 98 (1996). Judicial construction is not permitted when the statutory language is clear and its plain meaning

reflects the legislative intent. *Herald Co v Bay City*, 463 Mich 111, 117-118; 614 NW2d 873 (2000).

The public policy of this state and the purpose behind the FOIA is to provide all persons access "to complete information regarding governmental affairs so that they may participate fully in the democratic process." *Grebner v Clinton Charter Twp*, 216 Mich App 736, 740; 550 NW2d 265 (1996).[3] Under the FOIA, a public entity must disclose all public records that are not specifically exempt. The charge for such information is limited to the actual cost of its reproduction. The fee that may be charged by a public body for a request of information under the FOIA is set forth in MCL 15.234, which provides in relevant part:

> (1) A public body may charge a fee for a public record search, the necessary copying of a public record for inspection, or for providing a copy of a public record. Subject to subsections (3) and (4), the fee shall be limited to actual mailing costs, and to the actual incremental cost of duplication or publication including labor, the cost of search, examination, review, and the deletion and separation of exempt from nonexempt information as provided in section 14. . . .

> *       *       *

> (3) In calculating the cost of labor incurred in duplication and mailing and the cost of examination, review, separation, and deletion under subsection (1), a public body may not charge more than the hourly wage of the lowest paid public body employee capable of retrieving the information necessary to comply with a request under this act. Fees shall be uniform and not dependent upon the identity of the requesting person. A public body shall utilize the most eco-

---

[3] The FOIA does not distinguish between an individual or a corporation when determining who should have access to information covered under the act. MCL 15.232(c).

nomical means available for making copies of public records. A fee shall not be charged for the cost of search, examination, review, and the deletion and separation of exempt from nonexempt information as provided in section 14 unless failure to charge a fee would result in unreasonably high costs to the public body because of the nature of the request in the particular instance, and the public body specifically identifies the nature of these unreasonably high costs. A public body shall establish and publish procedures and guidelines to implement this subsection.

(4) This section does not apply to public records prepared under an act or statute specifically authorizing the sale of those public records to the public, *or if the amount of the fee for providing a copy of the public record is otherwise specifically provided by an act or statute.* [Emphasis added.]

Plaintiff contends that the word "or" found in subsection 4 of MCL 15.234 negates the application of the FOIA's nominal fees for delinquent tax records. Plaintiff claims that the FOIA requires plaintiff to charge the statutory fees for delinquent tax records that are set forth in MCL 48.101(2), which provides:

For statements in respect to the payment of taxes required by section 135 of the general property tax act, Act No. 206 of the Public Acts of 1893, as amended, being section 211.135 of the Michigan Compiled Laws, the county treasurer shall receive 20 cents for each description of land contained in the certificate but the total amount paid shall not be less than $1.00.

Plaintiff admits that MCL 48.101(2) does not specifically authorize the sale of public records. The subsections of MCL 48.101 require fees for the preparation of tax certificates, abstracts, or transcripts. Defendant did not ask for the records in any of these forms, but instead requested an electronic copy of

property tax data. Plaintiff's contention that MCL 48.101(2) provides a specific fee for an electronic copy of the public records at issue is in error.

This Court has considered electronic copies as writings for the purpose of being public records under the FOIA. *Farrell v Detroit,* 209 Mich App 7, 11; 530 NW2d 105 (1995); MCL 15.232(e) and (h). Moreover, public bodies are required to disclose nonexempt information in its stored and recorded format. *Farrell, supra* at 15. Plaintiff "is required to provide the 'public record' [defendant] request[s], not just the information contained therein." *Id.* at 14. In this case, defendant did not request a certificate, transcript, abstract, or paper copy. Because delinquent tax records are stored electronically, defendant is entitled to an electronic copy of that information. *Id.* at 19.

The Legislature enacted MCL 48.101 in 1895. 1895 PA 161. The last pertinent amendment took place in 1974, 1974 PA 141, when the Legislature raised the cost the counties could charge for copies. Clearly, the 1895 Legislature did not contemplate a charge for electronic copies when it enacted MCL 48.101. Moreover, when the Legislature amended the statute, over twenty-seven years ago, there still was no indication that it applied to electronic copies. This statute was clearly designed to compensate the county for its cost of manipulating data into certified transcripts or abstracts. Plaintiff, in this case, would not incur the costs of certifying or making transcripts, and, therefore, the purpose of charging the statutory fees is absent.

Lastly, plaintiff cannot definitively state which subsection of MCL 48.101 would be applicable in this case. Plaintiff first argued to the trial court that

defendant's request could fall under MCL 48.101(1)(a) and (d). Then, in plaintiff's first amended complaint for declaratory judgment, plaintiff pointed to MCL 48.101(1)(d), (2), and (3) as the controlling statutory charges. Finally, in plaintiff's appellate brief, plaintiff contends that the charge for defendant's request should fall within MCL 48.101(2), but further states that it could also fall within the coverage of MCL 48.101(1)(a) and (d). MCL 48.101 provides in relevant part:[4]

> (1) A county treasurer shall make upon request a transcript of any paper or record on file in the treasurer's office for the following fees:
>
> (a) For an abstract of taxes on any description of land, 25 cents for each year covered by the abstract.
>
> *     *     *
>
> (d) For 1 copy of any paper or document at the rate of 25 cents per 100 words.
>
> *     *     *
>
> (3) In no case shall any abstract, list, copy, or statement made as required by this act, be furnished for a sum less than 50 cents.

Plaintiff's indecision is further indication that MCL 48.101 does not possess the explicit language necessary to qualify for an exception to the fee requirements of the FOIA. See *Grebner, supra* at 743-744.

Because there is no explicit language in MCL 48.101 that provides fees for electronic copies of delinquent tax records, the records must be provided using the FOIA nominal fee requirements. Thus, summary dispo-

---

[4] The language of MCL 48.101(2) has been quoted earlier.

sition for defendant, pursuant to MCR 2.116(I)(2), was appropriate.

Affirmed.