**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MARCH 9, 2004**

THE TITLE OFFICE, INC.,

    Plaintiff-Appellee,

v                                  Nos. 121077, 121078

VAN BUREN COUNTY TREASURER,

    Defendant-Appellant,

and

ALLEGAN COUNTY TREASURER, BRANCH
COUNTY TREASURER, HILLSDALE
COUNTY TREASURER, IONIA COUNTY
TREASURER, JACKSON COUNTY
TREASURER, KALAMAZOO COUNTY
TREASURER, AND LIVINGSTON COUNTY
TREASURER,

    Defendants.

_____

THE TITLE OFFICE, INC.,

    Plaintiff-Appellee,

v                                  Nos. 121177, 121178

ALLEGAN COUNTY TREASURER, BRANCH
COUNTY TREASURER, HILLSDALE
COUNTY TREASURER, IONIA COUNTY
TREASURER, JACKSON COUNTY

TREASURER, KALAMAZOO COUNTY
TREASURER, AND LIVINGSTON COUNTY
TREASURER,

Defendants-Appellants,

and

VAN BUREN COUNTY TREASURER,

Defendant.
_____

**BEFORE THE ENTIRE BENCH**

**CAVANAGH, J.**

We granted leave to appeal in this case to determine whether the fees for copies of property tax records requested from a county treasurer are computed according to the fee schedule provided in the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, or that provided in the transcripts and abstracts of records act (TARA), MCL 48.101. The unambiguous language of both statutes leads us to conclude that the fees are to be computed according to the fee schedule provided in TARA.

## I. FACTS AND PROCEEDINGS

On February 27, 1998, plaintiff, The Title Office, Inc., requested an electronic copy of Van Buren County's property tax records and delinquent tax records for 1996

2

and 1997.[1] Defendant, Van Buren County Treasurer, used the TARA fee schedule, MCL 48.101, to calculate the fee for providing the copies and provided an estimate of $26,700.

Plaintiff filed mandamus actions in several counties asking the courts to direct the counties to compute the fee under FOIA, rather than TARA. The cases against eight county treasurers were consolidated in Livingston County. The circuit court granted plaintiff's motion for summary disposition.

Defendants filed two appeals with the Court of Appeals, which that Court consolidated.[2] Because it was bound by *Oakland Co Treasurer v Title Office, Inc*, 245 Mich App 196; 627 NW2d 317 (2001), the Court of Appeals affirmed. *Title Office, Inc v Van Buren County Treasurer*, 249 Mich App 322; 643 NW2d 244 (2002). The Court of Appeals panel requested that the Chief Judge convene a special conflict panel to address the issue, but the request was denied. 249 Mich App 805 (2002). Defendant, Van Buren County Treasurer, filed a timely application for leave to appeal. The remaining defendants filed a delayed

---

[1] At the same time, plaintiff made similar requests in the counties of Allegan, Branch, Hillsdale, Ionia, Jackson, Kalamazoo, and Livingston.

[2] The Van Buren County Treasurer filed one appeal and the remaining county treasurers filed the other.

application for leave to appeal. We consolidated the applications and granted leave.[3]

## II. STANDARD OF REVIEW

The trial court granted plaintiff's motion for summary disposition on the basis of its interpretation of FOIA and TARA. This Court reviews de novo the grant or denial of summary disposition. *American Federation of State, Co and Municipal Employees v Detroit*, 468 Mich 388, 398; 662 NW2d 695 (2003). Similarly, questions of statutory interpretation are reviewed de novo. *Omelenchuk v City of Warren*, 466 Mich 524, 527; 647 NW2d 493 (2002).

## III. DISCUSSION

The issue in this case is one of statutory construction. We must determine whether the fees for copies of property tax records are to be computed according to the fee schedule in FOIA or TARA. "The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *In re MCI*, 460 Mich 396, 411; 596 NW2d

---

[3] The order granting leave directed the parties to address

> the meaning, at the time of enactment, of "transcript" in 1895 PA 161 as amended, MCL 48.101, and whether by use of "transcript of any paper or record on file" the Legislature originally intended the act to cover subsequently developed means of document reproduction. [468 Mich 881 (2003).]

4

164 (1999). To discern the legislative intent, this Court must first examine the language of the statute itself. If the statute is unambiguous it must be enforced as written. *Id.*

Section 4 of FOIA sets forth the fees a municipality may charge a party requesting public records:

> (1) A public body may charge a fee for a public record search, the necessary copying of a public record for inspection, or for providing a copy of the record. Subject to subsections (3) and (4), the fee shall be limited to the actual mailing costs, and to the actual incremental costs of duplication or publication including labor, the cost of search, examination, review, and the deletion and separation of exempt from nonexempt information as provided in Section 14. [MCL 15.244.] A search for a public record may be conducted or copies of the public record may be furnished without charge or a reduced charge if the public body determines that a waiver or reduction of the fee is in the public interest because searching for or furnishing copies of the public record can be considered as primarily benefiting the general public. A public record search shall be made and a copy of public records shall be furnished without charge for the first $20 of the fee for each request to an individual who is entitled to information under this act and who submits an affidavit stating the individual is then receiving public assistance or if not receiving public assistance, stating facts showing inability to pay the cost because of indigency.
>
> * * *
>
> (3) In calculating the cost of labor incurred in duplication and mailing and the cost of examination, review, separation, and deletion under subsection (1), a public body may not charge more than the hourly wage of the lowest paid public body employee capable of retrieving the information necessary to comply with the request under this act. Fees shall be uniform

5

and shall not be dependent upon the identity of the requesting person. A public body shall utilize the most economical means available for making copies of public records. A fee shall not be charged for the cost of the search, examination, review, and the deletion and separation of exempt from nonexempt information as provided in Section 14 unless failure to charge a fee would result in unreasonably high cost to the public body because of the nature of the request in the particular interest and the public body specifically identifies the nature of these unreasonably high costs. A public body shall establish and publish procedures and guidelines to implement this subsection. [MCL 15.234.]

Subsection 4 excludes certain records:

This section does not apply to public records prepared under an act or statute specifically authorizing the sale of those public records to the public, or if the amount of the fee for providing a copy of the public record is otherwise specifically provided by an act or statute. [MCL 15.234(4).]

Thus, FOIA makes it clear that if TARA is "an act or statute specifically authorizing the sale" of public records or if TARA specifically provides the amount of the fee for providing a copy of the public record, the FOIA fee provisions do not apply. MCL 15.234(4).

It is clear from the text of TARA that it specifically provides the amount of the fee for providing a copy of "any paper or record on file in the treasurer's office." MCL 48.101(1). TARA provides:

(1) A county treasurer shall make upon request a transcript of any paper or record on

6

file in the treasurer's office for the following fees:

(a) For an abstract of taxes on any description of land, 25 cents for each year covered in the abstract.

(b) For an abstract with statement of name and residence of taxpayers, 25 cents per year for each description of land covered by the abstract.

(c) For list of state tax lands or state bids, 25 cents for each description of land on the list.

(d) For 1 copy of any paper or document at the rate of 25 cents per 100 words.

(e) For each certificate, 25 cents. [MCL 48.101.]

Because TARA specifically provides the amount of the fee for providing a copy of a public record it falls within MCL 15.234(4), and the FOIA fee provisions do not apply. But plaintiff argues that each electronic copy it requested is not a "transcript" of the property tax records and, therefore, TARA is not applicable and the FOIA fee provisions should govern. We disagree. TARA does not define "transcript." Accordingly, we are required to give the term its plain and ordinary meaning. When determining the common, ordinary meaning of a word or phrase, consulting a dictionary is appropriate. *Stanton v Battle Creek*, 466 Mich 611, 617; 647 NW2d 508 (2002).

At the time of the enactment of TARA in 1895, the term "transcript" was defined in Bouvier's Law Dictionary (New ed by Rawle, 1897), as "[a] copy of an original writing or

7

deed." Likewise, Webster's International Dictionary (1890), defined "transcript" as:

> 1. That which has been transcribed: a writing composition consisting of the same words as the original a written copy.
>
> 2. A copy of any kind; an imitation.

We believe the Legislature intended this ordinary meaning of "transcript" at the time of the enactment of TARA to apply, rather than the strained definition plaintiff urges.

Plaintiff's argument is based on its assertion that TARA governs only written or paper copies. Plaintiff attempts to draw a line at some point during the twentieth century by excluding all technological advances postdating the copy machine from the definition of "transcript." Plaintiff argues that photocopies are transcripts, but electronic copies are not. This argument disregards many of the technological advances made in the last century and ignores the fact that TARA does not contain the term "written," nor does it refer to "paper copies." We decline to adopt the reasoning of the Court of Appeals in *Oakland Co Treasurer v Title Office, Inc,* 245 Mich App 196; 627 NW2d 317 (2001), and we decline to confine TARA to paper or written copies. "Transcript," as used in the statute, is a much broader term, intended to apply to any reproduction of a record on file in the treasurer's office. An electronic

copy of property tax records qualifies as a "transcript" for purposes of TARA. Plaintiff has clearly requested a "transcript" of records on file in the treasurer's office.

Because *Oakland Co Treasurer* conflicts with this holding, it is overruled. Rather than examining the plain meaning of "transcript," the panel in *Oakland Co Treasurer* based its holding on the notion that the 1895 Legislature did not contemplate electronic copies when enacting TARA.

## IV. CONCLUSION

We hold that electronic copies of property tax records are "transcripts" within the meaning of TARA and, thus, the fees for their reproduction are those delineated in TARA, not FOIA. We reverse the decision of the Court of Appeals.

Michael F. Cavanagh
Maura D. Corrigan
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

9