DETROIT FREE PRESS, INC v FAMILY INDEPENDENCE AGENCY

Docket No. 243889. Submitted August 6, 2003, at Detroit. Decided September 23, 2003, at 9:15 A.M. Leave to appeal sought.

Detroit Free Press, Inc., requested under the Child Protection Law (CPL), MCL 722.621 *et seq.*, the release of Family Independence Agency (FIA) files related to children who had died after coming to the attention of the FIA. The director of the FIA denied the request, determining that the request did not sufficiently identify the files requested. The Free Press subsequently requested the files by name, but the director denied these requests again after determining that the requests did not identify the specific information sought and, consequently, that he could not determine whether release was appropriate under the CPL. The Free Press appealed to the Wayne Circuit Court, and the court concluded that the director had abused his discretion in denying the requests, and remanded the matter for reconsideration. The director made specific determinations regarding fourteen of the requested files, and denied in full or in part the Free Press's request in each case. The Free Press appealed to the Wayne Circuit Court, Isidore B. Torres, J., and the court again concluded that the director had abused his discretion in denying each of the requests, and ordered that the FIA release the files to the Free Press. The FIA appealed by leave granted.

The Court of Appeals *held*:

1. The circuit court properly determined that the director's release of a summarized version of three of the children's FIA files was a not a proper response to the plaintiff's request for the release of files under the CPL, MCL 722.627, 722 627d. A summary of specified information contained in a central registry case record will not suffice under the CPL, and constitutes a denial of the request by the director. The CPL clearly contemplates the release of actual records, though redacted, and not just a summary of the specified information. MCL 722.627(2), 722.627(i).

2. The circuit court erred to the extent that it ordered the FIA to release each of the fourteen children's files in their entirety because the CPL only authorizes the release of "specified information" contained in a central registry case record, MCL 722.627, 722.622(c)-(d), and the CPL expressly defines "specified informa-

tion" as "information in a central case registry record that relates specifically to referrals or reports of child abuse or neglect." MCL 722.627(y).

3. The CPL envisions a three-part inquiry by a court reviewing an appeal from an FIA director's decision to release or deny release of specified information from the central case registry case record: whether the requested specified information is prohibited from disclosure under MCL 722.627e(2); if not, whether its release falls within the criteria set forth in MCL 722.627d(2); and if the release is not prohibited and satisfies subsection 7d(2), whether the director abused his discretion in denying or granting the request. MCL 722.627h(1). When a court determines that the director abused his discretion in denying a request, the court may order the release of redacted "specified information" from the central registry case record. MCL 722.622(y), 722.627h.

4. The circuit court failed to make a proper determination regarding the director's denial under the three-part inquiry because the court did not conduct an in camera review of the specified information in the central registry case records with regard to the files requested by the plaintiff. The orders of the circuit court must be reversed, and the matter remanded to the court on this basis.

5. The circuit court clearly erred in finding that the director abused his discretion in denying the plaintiff's requests with respect to four of the children's files, because the director's finding that there was an ongoing criminal investigation in each case was reasonable and not grossly violative of fact and logic. In each case, the local prosecutor responded that there was an ongoing criminal investigation and that the release of specified information would interfere with the investigation. MCL 722.627e(2)(d). The director's reasonable reliance on these assertions was not an abuse of discretion. To the extent that the plaintiff submitted evidence in each case to the contrary, it is not clear that the director could have considered this evidence because it was submitted concurrently or after the director made his determination in each case. Moreover, once a local prosecutor determines that the release of information would interfere with an ongoing criminal investigation, the director is prohibited under subsection 7e(2)(d) from releasing the requested information.

6. The circuit court clearly erred in ordering the FIA to release its file pertaining to one of the children because the director informed the plaintiff that the FIA did not have a central case registry record for that child, and, therefore, there was no specified information to release under the CPL. MCL 722.622(y). While the FIA may have information relating to the child's death, it is not required to release

information that is not contained in the central registry case record.

7. The FIA's argument with regard to five of the requested files that the director has discretion to release specified information that necessarily relates to siblings of the children under MCL 722.627d(2)(b)(iii) is misplaced because that provision provides a reason to release specified information, not withhold it.

8. The fact that a media story has been published or broadcast with respect to a child does not compel the director to release specified information. Pursuant to the permissive language of the statute, the director still has discretion to grant or deny such a request, and the court is required to analyze the grant or denial under the three-part inquiry to determine whether the director abused his discretion. MCL 722.627d(2)(b)(v).

9. On remand, the court must apply the three-part inquiry articulated earlier to each of the requests being appealed by the plaintiff, and the court must conduct an in camera review of each of the central case registry records requested to properly determine whether the director abused his discretion.

Reversed and remanded.

1. SOCIAL SERVICES — CHILD PROTECTION LAW — SPECIFIED INFORMATION.

The release of a summarized version of specified information contained in a central registry case record does not satisfy the Child Protection Law, which contemplates the release of actual, although redacted, records, and such a response constitutes a denial of a request for records (MCL 722.627, 722.627d, 722.627[i]).

2. SOCIAL SERVICES — CHILD PROTECTION LAW — RELEASE OF SPECIFIED INFORMATION — JUDICIAL REVIEW.

A three-part inquiry is undertaken by a court reviewing an appeal from a decision by the director of the Family Independence Agency to release or deny release of specified information from the central case registry case record maintained pursuant to the Child Protection Law: whether the requested specified information is prohibited from disclosure under MCL 722.627e(2); if not, whether its release falls within the criteria set forth in MCL 722.627d(2); and if the release is not prohibited and satisfies subsection 7d(2), whether the director abused his discretion in denying or granting the request (MCL 722.627h[1]).

*Honigman Miller Schwartz and Cohn, LLP* (by *Herschel P. Fink* and *Cynthia G. Thomas*), for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *William R. Morris*, Assistant Attorney General, for the defendant.

Before: Jansen, P.J., and Neff and Kelly, JJ.

Jansen, P.J. Defendant, Family Independence Agency (FIA), appeals by leave granted from an order reversing the decision of the FIA director to deny a request by plaintiff, Detroit Free Press, Inc., for the release of fourteen FIA files. The circuit court concluded that the director abused his discretion in denying plaintiff's request under the Child Protection Law (CPL), MCL 722.621 *et seq.* On appeal, defendant argues that the circuit court clearly erred in finding that the director abused his discretion in refusing to release the files. We reverse and remand.

I

In March 2001, plaintiff requested "the files of children who have died of any cause after having come to the attention of FIA in the calendar years 1998, 1999 and 2000." Defendant responded and denied plaintiff's request, stating that "the request for release does not include information sufficient to identify the specific case to which the request relates." Plaintiff's counsel responded to this letter, and requested the following information:

> [T]he files of the following deceased children: Heather Zavoda, Crystal Goble, Jameel Jacobs, Arionna Marlin, Alexis Scott, Patricia Wright, Ariana Swinson, Miracle Jackson, Tiera Stewart, Isaiah Jeremiah, Jose Roberto Baker, Jr., Raven Owens a/k/a Raven Eby, Kristie Rumsey, Dylan Rumsey, Brittany Whalen, Robby Ego, Dymond Campbell, Felicia Brown, Sequoia McCoy, Lady Monique [Conley], an

infant boy who died in Macomb County in November 1999 and a one-month old boy who died in Oakland County in January 2001.

The director denied plaintiff's supplemental request because plaintiff failed to provide details with regard to the specified information that was requested for the named files. Further, the director indicated that without knowing the specified information that plaintiff requested, the director had no basis on which to determine whether there was clear and convincing evidence that the release of specified information would meet the requirements of the CPL.

Plaintiff appealed the director's decision to the circuit court. The circuit court determined that the "statute requires that a request for specified information include information sufficient to identify the specific case to which the request relates." Further, the circuit court stated that "[i]t is difficult to conceive how the name of a child could not be sufficient information to identify a specific case." The circuit court also stated that the director's denial lacked logic, and for that reason, constituted an abuse of discretion. Thus, the circuit court ordered a remand for reconsideration of plaintiff's request.

In November 2001, the director sent letters to plaintiff relating to its requests. The director reached a preliminary decision to release specified information in the FIA files that related to Jameel Jacobs and Robby Ego if the individuals affected by this decision did not object.[1] Regarding Dymond Campbell, the FIA

[1] Pursuant to MCL 722.627g various individuals affected by a decision to release specified information are to be notified before any release, including individuals named as perpetrators of abuse or neglect, parents or the legal guardian of the child, the child's guardian ad litem, and each

determined it could not release the specified informa-
tion because it would violate a December 29, 1995,
district court order that enjoined further dissemina-
tion of information that was apparently relevant to
Campbell. Regarding Heather Zavoda, Patricia Wright,
Tiara Stewart, and Jose Baker, Jr., the director stated
that he was unable to grant the request because local
prosecuting attorneys determined that release of
specified information would interfere with ongoing
criminal investigations. Regarding Raven Owens, the
director determined that the FIA did not have speci-
fied information "regarding the death and/or events
leading to the death of Raven Owens." Regarding Mir-
acle Jackson, the director stated that the requested
specified information was previously released to
plaintiff on September 18, 2000. Regarding Felicia
Brown, Alexis Scott, Sequoia McCoy, Lady Monique
Conley, and Crystal Goble, the director denied plain-
tiff's request stating that the specified information
regarding these children included information inextri-
cably specific to their siblings. In addition, the direc-
tor indicated that MCL 722.627d(2) provides that
"[t]he director may release specified information . . .
if there is clear and convincing evidence that . . . (a)
[t]he release of the specified information is in the
best interest of the child to whom the specific infor-
mation relates." The director determined that releas-
ing the specified information was not in the best
interests of those children. In a subsequent November
2001 letter to plaintiff, the director stated that he was
not releasing the entire FIA files with regard to Jacobs

attorney representing the child who is the subject of the case. These indi-
viduals may appeal a decision to release specified information to the cir-
cuit court pursuant to MCL 722.627h.

and Ego. Rather, the director only released a summarized version of what he determined was the specified information relevant to plaintiff's request.

Plaintiff again appealed the director's determination regarding the fourteen children to the circuit court. No oral arguments were held and the circuit court, in a written opinion and order, held that the director abused his discretion in each case. Regarding Jacobs and Ego, the circuit court found that the director's release of only a summarized FIA file was an effective denial of plaintiff's request. In regard to Heather Zavoda, Patricia Wright, Tiara Stewart, and Jose Baker, Jr., the circuit court found that there were no ongoing criminal investigations. Furthermore, the circuit court held that the director's refusal to release information regarding Miracle Jackson was improper because the previous information released to plaintiff on September 18, 2000, was in the form of specific answers to specific questions posed by a reporter and not a request for the file.

The circuit court noted that even if release of the information requested was not prohibited, there remained a question whether the director abused his discretion in denying the requests in the fourteen cases. The circuit court found that the director abused his discretion in denying plaintiff's request for information regarding Brown, Scott, McCoy, Conley, and Goble because disclosure was permissible under MCL 722.627d(2)(b)(iii), (iv), and (v), irrespective of concern for their siblings. The circuit court ordered defendant to turn over the "requested records" to plaintiff since release of the records did not conflict with the best interests of the children, and because

there was no reason to deny the requests based on the statute.

We granted defendant's application for leave to appeal. On appeal, defendant challenges the circuit court's order requiring it to release its files pertaining to the fourteen children.

II

Generally, "when reviewing a lower court's review of agency action this Court must determine whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Boyd v Civil Service Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996); see also *Dignan v Michigan Pub School Employees Retirement Bd*, 253 Mich App 571, 575-576; 659 NW2d 629 (2002). However, the CPL provides that "[t]he [circuit] court shall uphold a decision to release or to deny release of specified information unless the [circuit] court finds that the director's decision was an abuse of the director's discretion based upon the criteria for releasing or not releasing specified information prescribed by [MCL 722.627c to MCL 722.627i]." MCL 722.627h. The test for an abuse of discretion is very strict, and often elevates the standard of review to a nearly insurmountable height. *Sparks v Sparks*, 440 Mich 141, 150-151; 485 NW2d 893 (1992). An abuse of discretion is found only in extreme cases in which the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias. *Dep't of Transportation v Randolph*, 461 Mich 757, 768; 610 NW2d 893 (2000); *Spalding v Spalding*, 355 Mich 382, 384-385;

94 NW2d 810 (1959). Thus, we review the circuit court's decision to determine whether it applied correct legal principles and whether it misapprehended or grossly misapplied the abuse of discretion standard of review, which is essentially a clearly erroneous standard of review. See, generally, *Dignan, supra* at 575-576; *Boyd, supra* at 234-235. A finding is clearly erroneous when, after reviewing the record we are " 'left with the definite and firm conviction that a mistake has been made." ' *Dignan, supra* at 576, quoting *Boyd, supra* at 235.

A proper determination of the issues presented in this case requires us to interpret provisions of the CPL. Statutory interpretation is a question of law that is considered de novo on appeal. *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003). With regard to statutory interpretation our Supreme Court stated the following:

> [T]he primary goal of judicial interpretation of statutes is to discern and give effect to the intent of the Legislature. This Court discerns that intent by examining the specific language of a statute. If the language is clear, this Court presumes that the Legislature intended the meaning it has plainly expressed and the statute will be enforced as written. Unless otherwise defined in the statute, or understood to have a technical or peculiar meaning in the law, every word or phrase of a statute will be given its plain and ordinary meaning. [*Federated Publications, Inc v City of Lansing*, 467 Mich 98, 107; 649 NW2d 383 (2002) (citations omitted).]

Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Draprop Corp v Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001). Once the intention of the Legislature is discov-

ered, it must prevail regardless of any conflicting rule of statutory construction. *Green Oak Twp v Munzel*, 255 Mich App 235, 240; 661 NW2d 243 (2003). Courts may not speculate regarding the probable intent of the Legislature beyond the language expressed in the statute. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002); *Cherry Growers, Inc v Agricultural Marketing & Bargaining Bd*, 240 Mich App 153, 173; 610 NW2d 613 (2000). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999); *Toth v AutoAlliance Int'l, Inc*, 246 Mich App 732, 737; 635 NW2d 62 (2001). The rules of statutory construction merely serve as guides to assist in determining intent with a greater degree of certainty. *Title Office, Inc v Van Buren Co Treasurer*, 249 Mich App 322, 326; 643 NW2d 244 (2002).

If reasonable minds can differ with regard to the meaning of a statute, judicial construction is appropriate. *Adrian School Dist v MPSERS*, 458 Mich 326, 332; 582 NW2d 767 (1998); *Ross v Michigan*, 255 Mich App 51, 55; 662 NW2d 36 (2003). The court must consider the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the statute's purpose, but should also always use common sense. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994); *Proudfoot v State Farm Mut Ins Co*, 254 Mich App 702, 708; 658 NW2d 838 (2003). Provisions must be read in the context of the entire statute so as to produce a harmonious whole. *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 159; 627 NW2d 247 (2001). Statutes should be

construed to avoid absurd consequences, injustice, or prejudice to the public interest. *McAuley v Gen Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998), overruled in part on other grounds *Rafferty v Markovitz*, 461 Mich 265; 602 NW2d 367 (1999); *Houghton Lake Area Tourism & Convention Bureau v Wood*, 255 Mich App 127; 142-143, 150; 662 NW2d 758 (2003). Statutes granting power to an administrative agency are strictly construed. *In re PSC Determination, No 2*, 204 Mich App 350, 353; 514 NW2d 775 (1994).

III

Defendant first argues that the CPL gives the director the discretion to release specified information from the central registry, and that the director's denial of plaintiff's requests was a proper exercise of discretion under the CPL.

An issue is preserved for appeal if it is raised before and addressed by the trial court. *Poch v Anderson*, 229 Mich App 40, 52; 580 NW2d 456 (1998). Defendant raised the issue regarding its summarized versions of FIA files before the circuit court, arguing that the circuit court lacked jurisdiction because defendant's summarized version of the FIA files regarding Jacobs, Ego, and Campbell[2] was a favorable determination under the CPL. This issue is preserved because the circuit court resolved the issue in favor of plaintiff, finding that the summarized information was an effective denial of an otherwise proper

---

[2] Apparently, the director also released Campbell's information after confirming that the "gag" order no longer prevented the dissemination of information.

request for the central registry case records, and that defendant need not take exception to the circuit court's decision. MCR 2.517(A)(7).

On appeal, defendant also argues that the director cannot release the FIA's entire file regarding a child. Defendant raised this issue below, but the circuit court did not address the issue. Therefore, to the extent that defendant argues that the director cannot release its entire file, the issue is unpreserved. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994); *Pro-Staffers, Inc v Premier Mfg Support Services, Inc*, 252 Mich App 318, 324; 651 NW2d 811 (2002). However, we will review the issue because it is necessary for a proper determination of the case, and the question is one of law, and the necessary facts have been presented. *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002).

The circuit court properly determined that the director's release of a summarized version of the FIA files for Jacobs, Ego, and Campbell was not a proper response to plaintiff's request. A summary of the specified information in the central registry case record will not suffice under the statute, and constitutes a denial by the director that may be appealed to the circuit court pursuant to MCL 722.627h. But with respect to each of the fourteen children, the circuit court erred to the extent it determined that defendant must release each file in its entirety to plaintiff because the CPL only allows for the release of "specified information" in the central registry case record as defined by the CPL.[3]

---

[3] It is unclear whether the circuit court was ordering defendant to release the entire file for each requested individual, but the circuit court's order could be construed in that manner. Plaintiff requested "the files of

"[T]he purpose of the [CPL] is to protect abused and neglected children." *Becker-Witt v Bd of Examiners of Social Workers*, 256 Mich App 359, 364; 663 NW2d 514 (2003), citing *Williams v Coleman*, 194 Mich App 606, 614-615; 488 NW2d 464 (1992). Under the CPL, certain individuals, teachers, doctors, et cetera are required to report child abuse or neglect to defendant. MCL 722.623(1)(a). Defendant is required to investigate these reports. MCL 722.628(1)-(2). Defendant is also required to maintain a "statewide, electronic central registry," MCL 722.627(1), which is "the system maintained at the department that is used to keep a record of all reports filed with the department under [the CPL] in which relevant and accurate evidence of child abuse or neglect is found to exist." MCL 722.622(c).

Under MCL 722.627(2), "[u]nless made public as specified information released under [MCL 722.627d], a written report, document or photograph filed with the department . . . is a confidential record. . . ."[4] " 'Specified information' means information in a central registry case record that relates specifically to referrals or reports of child abuse or neglect." MCL 722.622(y). However, specified information does not include personal identification information identifying an individual alleged to have perpetrated child abuse or neglect, information in a law enforcement report, and information that is specifically designated as confidential under other law. MCL 722.622(y)(i)-(iii).

---

the following deceased children," and the circuit court ordered defendant to "release the requested records."

[4] A confidential record is available to specific persons and entities, such as the police and physicians. See, generally, MCL 722.627(2)(a)-(q). Plaintiff is not entitled to confidential records under any of these provisions.

Under MCL 722.627d(2),

[t]he director *may* release specified information . . . *if there is clear and convincing evidence* that either of the following is true:[5]

(a) The release of the specified information is in the best interest of the child to whom the specified information relates.

(b) The release of the specified information is not in conflict with the best interest of the child to whom the specified information relates, and 1 or more of the following are true:

\*     \*     \*

(*iii*) The report or record containing the specified information concerns a child who has died or concerns a member of that child's family.

(*iv*) All or part of the report or record containing the specified information is publicly disclosed in a judicial proceeding.

(*v*) A child abuse or neglect complaint or investigation to which the report or record containing the specified information relates has been part of the subject matter of a published or broadcast media story.

(*vi*) The report or record containing the specified information concerns a substantiated report of sexual abuse, serious injury, or life threatening harm involving the child or a sibling of the child identified in the request. [Emphasis added.]

The director "shall not deny a request for specified information under [MCL 722.627d] based upon a desire to shield a lack of or an inappropriate performance by the department." MCL 722.627e(1). Further, under MCL 722.627e(2),

---

[5] We have only listed the provisions that are relevant to this appeal.

[r]egardless of the director's determination that specified information may be released under [MCL 722.627d], the director *shall not* release the specified information if 1 or more of the following are true:[6]

(a) The request for release does not include information sufficient to identify the specific case to which the request relates.

(b) An investigation of the report of child abuse or neglect to which the specified information relates is in progress and the report has not been substantiated or unsubstantiated.

*     *     *

(d) There is an ongoing criminal investigation and, as determined by the local prosecuting attorney, release would interfere with the criminal investigation.

*     *     *

(f) The child to whom the report or record relates is 18 years of age or older. [Emphasis added.]

After a request for specified information is made, the FIA must give written notice of a "preliminary decision to release or to deny a request to release specified information." MCL 722.627f(1). MCL 722.627h(1) states:

[I]f the director denies a request to release specified information . . . the person whose request is denied may file an appeal of the denial with the circuit court. The [circuit] court shall uphold a decision to release or to deny release of specified information unless the court finds that the director's decision was an abuse of the director's discretion based upon the criteria for releasing or not releasing specified information prescribed by [MCL 722.627c] to [MCL 722.627i].

---

⁶ We have only listed the provisions that are relevant to this appeal.

MCL 722.627h(2) provides that "[t]he [circuit] court shall conduct its review so that a person whose request for specified information was denied does not have access to that specified information during the appeal proceedings."

Any interpretation of the CPL, with regard to releasing previously confidential information, requires us to carefully take into account the privacy considerations involved with this, for the most part, highly confidential information and the value of allowing certain information to be available to the public.[7] It is clear from a reading of the statute that the Legislature placed several safeguards regarding the release of this confidential information, and that the director was

---

[7] The importance of the privacy consideration is noted in MCL 722.633, under which a person may be subject to criminal sanctions for being involved in the dissemination of information from the central registry case record. The CPL attempts to strike a balance in keeping information confidential, but also attempts to place restrictions such that information is not kept confidential only to cover up wrongdoings of the FIA. See MCL 722.627c through MCL 722.627i. "[I]n Michigan, a legislative analysis is a feeble indicator of legislative intent and is therefore a generally unpersuasive tool of statutory construction." *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 587; 624 NW2d 180 (2001). Recognizing, that when the language of the statute is clear and unambiguous, no interpretation beyond the words of the statute is permitted and legislative analyses cannot be considered, *Detroit Edison Co v Celadon Trucking Co*, 248 Mich App 118, 124-125; 638 NW2d 169 (2001), we note House Legislative Analysis, HB 4232, pp 1, 5, January 15, 1999, not for authority, but just for the fact that it states and only supports what is clear from the language of the statute with regard to the need to balance confidentiality with the need for the release of records. The analysis provides that an attempt was made

"[t]o balance the legitimate need for limited confidentiality with the need to restore accountability and public trust in our child welfare system, the Michigan Child Protection Act will be amended . . . ." [quoting Recommendation No. 192]. . . . The provisions of the bill represent a balance between the need for more disclosure of records concerning child abuse and neglect, and a respect for the privacy rights of a family.

placed in a position to follow mandatory provisions, MCL 7222.627e(2), but also given discretion when information does not fall within a prohibited category, MCL 722.627d. The CPL envisions a three-part inquiry by a circuit court reviewing an appeal from an FIA director's denial or grant of a request to release specified information from the central registry case record: (1) whether the requested specified information is prohibited from disclosure as specified in MCL 722.627e(2); (2) if not, whether its release falls within the criteria set forth in MCL 722.627d(2); and (3) if the release is not prohibited and satisfies MCL 722.627d(2), whether the director abused his discretion in denying or granting the request, MCL 722.627h(1). The court must keep in mind that the director "shall not" deny a request based on a desire to shield a lack of or inappropriate performance by the FIA, MCL 722.627e(1).[8] When a circuit court determines that the director abused his discretion in denying a request for information, the circuit court may order the release of redacted "specified information" from the central registry case record. See MCL 722.622(y), 722.627h.

At the outset, we note that the circuit court did not properly approach the appeal from the director's denial of plaintiff's request. In order to make a proper determination based on the criteria listed above, the circuit court must review the contents of the specified information in the central registry case records

---

[8] We note that the abuse of discretion review applies to all parts of the analysis. Thus, the circuit court could determine that certain specified information was not the type of information prohibited, but must review the director's determination under the abuse of discretion standard rather than de novo.

with regard to the files requested.[9] It would not be prudent or within the intent of the statute for a circuit court to be able to release records or deny a request for records under an abuse of discretion standard without reviewing the records contained in the central registry case record.

To properly give effect to the intent of the Legislature, a circuit judge generally must conduct a review in camera of the specified information. The purpose of the in camera review is to keep the information confidential and to determine whether the director's denial constituted an abuse of discretion under the inquiry articulated above. Such a review by the circuit court is envisioned in MCL 722.627h(2), which indicates that the circuit "court shall conduct its review so that a person whose request for specified information was denied does not have access to that specified information during the appeal proceedings." The only possible way to determine in the present case whether the director abused his discretion is to review the specified information contained in the central registry case record without allowing the requesting party access to what is in the files before a determination is made.[10] Apparently, the circuit court did not review the contents of defendant's records and, thus, improperly made its determinations. Basically, the circuit court found that release of the records

---

[9] The record indicates that the circuit court may have reviewed a summary of what was contained in the files, but it is not even clear that a summary of the files was reviewed in all cases.

[10] We are not holding that there will never be a set of circumstances where the circuit court could find that the director abused his discretion without reviewing the specified information in the central registry case record, but note that it is hard to envision a set of circumstances where a review of the records would not be required or at least prudent.

would not conflict with the best interests of the children because the children were deceased, and that there was no statutory basis on which to deny the requests, and, thus, the director abused his discretion. Just because the statute does not provide a specific reason to deny a request, the determination itself is still within the discretion of the director, and it should not be considered an automatic abuse of discretion when the statute does not specifically enumerate a reason for the denial. See MCL 722.627d. The trial court did note some reasons why the director abused his discretion, but we conclude that the circuit court clearly erred in finding an abuse of discretion without having knowledge of what was actually in the central registry case record with regard to the files requested by plaintiff. Although, we reverse and remand on this basis, we will address the issues raised by defendant on appeal in order to fully address issues that will be raised again before the circuit court.

Defendant argues that its director did not abuse his discretion in releasing summaries of information under the CPL because the director does not have the power to release an entire central registry case record to the public under the CPL. This argument concerns the circuit court's order as it relates to Jacobs, Ego, and Campbell.

Plaintiff requested that defendant produce "the files of children who have died of any cause after having come to the attention of FIA in the calendar years 1998, 1999 and 2000." Additionally, plaintiff stated that the files should be released "in their entirety," though qualifying this statement with the understanding that the files may be redacted. This request was

denied by defendant, and plaintiff sent a more specific request for the files of named children. Defendant denied plaintiff's request, and plaintiff appealed this decision to the circuit court. The circuit court ordered defendant to reconsider its decision not to release central registry case records. In response, the director provided plaintiff with a summarized version of what he determined was the specified information that was specific and relevant to plaintiff's request regarding Jacobs and Ego. Plaintiff again appealed to the circuit court, arguing that defendant's summaries of the specific information in the central registry case records were improper and that it was entitled to the entire FIA file for each child. The circuit court determined that, in releasing only summaries of the requested files, defendant's actions "constitute[d] a denial of [plaintiff's] request." Consequently, the circuit court ordered defendant to comply with the CPL and "release the requested records."

Under MCL 722.627d(2), the director may, subject to MCL 722.627c through MCL 722.627i, release "specified information." "Specified information" is defined under the CPL to mean "information in a central registry case record that relates specifically to referrals or reports of child abuse or neglect." MCL 722.622(y). Specified information does not include any of the following:

> (i) Except as provided in this subparagraph regarding a perpetrator of child abuse or neglect, personal identification information for any individual identified in a child protective services record. The exclusion of personal identification information as specified information prescribed by this subparagraph does not include personal identification information identifying an individual alleged to have perpe-

trated child abuse or neglect, which allegation has been classified as a central registry case.

(ii) Information in a law enforcement report as provided in section 7(8).

(iii) Any other information that is specifically designated as confidential under other law. [MCL 722.622(y)(i)-(iii).]

We find that the circuit court properly determined that defendant's release of the director's summarized version of FIA central registry case records was improper under the CPL and constituted a denial of plaintiff's requests with regard to Jacobs, Ego, and Campbell. Information in a central registry case record refers to actual reports, documents, photographs, et cetera that are contained in the central registry case record. In support, MCL 722.627(2) states that, "[u]nless made public as specified information released under [MCL 722.627d], a written report, document, or photograph filed with the department as provided in this act is a confidential record. . . . " Moreover, MCL 722.627i(1) provides that defendant may "charge a fee for a copy of specified information released under [MCL 722.627d]. . . ." Since the CPL contemplates a charge for copying actual records, the CPL also contemplates the release of actual records. In construing a statute, the court should presume that every word has some meaning and should avoid any construction that would render any part of a statute surplusage or nugatory. *Hoste v Shanty Creek Mgt, Inc*, 459 Mich 561, 574; 592 NW2d 360 (1999). As far as possible, effect should be given to every sentence, phrase, clause, and word. *Pohutski, supra* at 684. Provisions must be read in the context of the entire statute so as to produce a harmonious whole. *Murphy, supra* at 159. Finally, we note that not releasing

the actual information in a central registry case record is, to some extent, inconsistent with the mandate of the CPL that the "director shall not deny a request for specified information under section 7d based upon a desire to shield a lack of or an inappropriate performance by the department," MCL 722.627e(1), in that the director's summarized version of the specific information in a central registry case record may be self-serving. Therefore, under the CPL, the director may release the actual, though of course redacted, "information in a central registry case record," and not merely a summarized version of the specific information in the central registry case record. Defendant's release of only a summarized version of what information was contained in the central registry case records should be considered a denial and reviewed by the circuit court as any other denial.

Defendant next argues that the language in the circuit court's order that compels defendant to "release the requested records" is improper. This issue concerns the circuit court's order as it relates to the release of all fourteen children's FIA files.[11]

We conclude that the circuit court clearly erred by ordering that defendant "release the requested records." As noted, plaintiff first requested that defendant release its files "in their entirety," but qualified this statement with the understanding that the files may be redacted as provided by the CPL. Subsequently, plaintiff requested "the files of the following

---

[11] This order is the only argument defendant raises regarding the circuit court's order as it relates to Jackson, in which the director's decision was based on a previous release of specified information. In other words, defendant provides alternative reasons for reversal of the circuit court's order regarding the other thirteen children, but not for Jackson.

deceased children." Even assuming the circuit court intended that its order comply with the exclusions of information, as plaintiff suggests, the order is too broad because the CPL permits the director to release only "specified information," and not the FIA's entire central registry case record. The statute is clear that only specified information is to be released, and the statute is equally clear in defining what constitutes a specified information. MCL 722.622(y), 722.627(d). If a statute provides its own definition, the term must be applied as expressly defined. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 136; 545 NW2d 642 (1996); *Barrett v Kirtland Community College*, 245 Mich App 306, 314; 628 NW2d 63 (2001).

Here, plaintiff did not request any particular record contained in the FIA files, but made a blanket request for particular children's FIA files. In other words, since the central registry case records may include information that does not "relate[] specifically to referrals or reports of child abuse or neglect," MCL 722.622y, the director cannot release the entire central registry case records as ordered by the circuit court. This is consistent with the defendant's argument that "specified information" cannot be the central registry case record itself. Furthermore, as defendant notes on appeal, its files may include more information concerning a child than that which is in the central registry case records.[12] Since specified information relates only to information that is contained in the central

---

[12] Defendant provides examples of information that may be found in the FIA files that is not in the central registry case records, such as a telephone call regarding possible abuse when a conclusion was made that no abuse or neglect occurred, a delinquency or adoption placement investigation, a case where no formal contact was ever received, and food stamp or FIA information on a child who later died.

registry case records, MCL 722.622y, defendant cannot be compelled to release further information contained in the FIA file, and can only be compelled to release "specified information" from the central registry case record.[13] The lower court record does not reflect that the circuit court was aware of the contents of the FIA files in question. Therefore, because the circuit court only had the power to order the release of specified information from the central registry case records to the public, it was clear error to order the release of the requested FIA files in their entirety.

IV

Defendant's final issue on appeal is that the director did not abuse his discretion with regard to the fourteen appeals decided by the circuit court.[14] As noted above, this issue was not properly addressed by the circuit court, which clearly erred in failing to review the contents of the central registry case files before determining that the director abused his discretion in denying the release of the requested files.

The circuit court clearly erred by finding that the director abused his discretion in denying plaintiff's requests for the FIA files of Heather Zavoda, Patricia Wright, Tiara Stewart, and Jose Baker, Jr., because the director's finding, that there were ongoing crimi-

---

[13] As previously noted we question whether the circuit court was prudent in ordering the director to release central registry case records without having viewed the contents of those central registry case records.

[14] Defendant raised this issue before the circuit court, making the same arguments as on appeal. The trial court addressed the issue, resolving it in favor of plaintiff and, therefore, this issue is preserved. *Poch, supra* at 52; MCR 2.517(A)(7).

nal investigations, was reasonable and was not grossly violative of fact and logic. See *Randolph*, *supra* at 768. Further, the circuit court erred in ordering the release of the FIA file of Raven Owens because defendant is not required to release information that is not contained in the central registry case record. Also, with regard to Owens, the circuit court erred because it failed to consider the director's discretion in denying the release of specified information even though its release was not prohibited and satisfied MCL 722.627d(2).

First, regarding the FIA files of Zavoda, Wright, Stewart, and Baker, MCL 722.627e(2)(d) provides that "[t]he director *shall not* release the specified information if . . . . [t]here is an ongoing criminal investigation and, *as determined by the local prosecuting attorney*, release would interfere with the criminal investigation." (Emphasis added.) Here, it appears that the director sent a form letter to the local prosecutors in the requested cases to determine if there was an ongoing investigation with which the release of information might interfere. Defendant submitted letters from local prosecuting attorneys expressing that there were ongoing criminal investigations in each case, and that the release of information would interfere with the investigation.

Regarding Heather Zavoda, the prosecutor indicated that her father, Wayne Zavoda, had been convicted of first-degree criminal sexual conduct and first-degree murder with regard to her death. The prosecutor indicated that Wayne Zavoda's appeal was still pending. Thus, the local prosecutor concluded that the release of specified information would interfere with a criminal investigation. In response, plain-

tiff submitted Wayne Zavoda's judgment of sentence for his convictions.

Regarding Patricia Wright, the prosecutor indicated that "[Christopher Wright] has filed a motion to withdraw his plea, thus reactivating the case for trial." The local prosecutor concluded that the release of specified information would interfere with the criminal investigation. In response, plaintiff submitted a judgment of sentence that indicated that Christopher Wright pleaded guilty to three counts of driving under the influence causing death, and two counts of second-degree child abuse. Plaintiff only later addressed Christopher Wright's motion to withdraw his plea, providing evidence that his motion was denied on November 7, 2001.

Regarding Tiara Stewart, the prosecutor indicated that there was a case pending against her father, Ernest Stewart. The local prosecutor concluded that the release of specified information would interfere with a criminal investigation. In response, the plaintiff submitted a judgment of sentence indicating that on November 29, 2001, Ernest Stewart pleaded nolo contendre to second-degree murder regarding the death of Tiara Stewart, and was sentenced to fifteen to thirty years' imprisonment.

Regarding Jose Baker, Jr., the prosecutor indicated that a warrant was issued on May 30, 2001, against Jose Baker, Sr., and that the case was still pending. The local prosecutor concluded that the release of specified information would interfere with a criminal investigation. In response, plaintiff provided an affidavit from Free Press reporter Jack Kresnak, in which he asserted that he had spoken with Lieutenant John Morell of the Detroit Police Department, who stated

that there is no current, ongoing investigation regarding the death of Jose Baker, Jr.

Plaintiff argues that the circuit court properly found the director's assertions that there were ongoing investigations in these cases to be false and, therefore, properly determined that the director abused his discretion in relying solely on the local prosecutors' representations. The circuit court clearly erred in determining that the director abused his discretion in denying plaintiff's request for information regarding the FIA files of Zavoda, Wright, Stewart, and Baker. The test for an abuse of discretion is very strict, and often elevates the standard of review to an apparently insurmountable height. *Sparks, supra* at 150-151.

Here, the circuit court was aware that the director considered the local prosecutors' statements as evidence of ongoing criminal investigations, inferring from their representations that the release of specific information would interfere with criminal investigations. But it is not clear that the director could have considered, except regarding Heather Zavoda, the plaintiff's responses when deciding to deny plaintiff's requests. The director made his decision to deny the requests in early November 2001. Plaintiff's evidence regarding Patricia Wright and Tiara Stewart only came into existence during or after the time the director made his decisions. For this reason, the circuit court improperly determined that the director abused his discretion in denying plaintiff's requests for the FIA files of Wright and Stewart because the director could not have considered the evidence relied on by the circuit court.

Regarding Jose Baker, Jr., even assuming that the director knew the Detroit Police Department had ceased its investigation of Jose Baker, Sr., the director did not abuse his discretion in relying on the local prosecutor's representation that there was an ongoing criminal investigation. There is no dispute that a warrant was issued for the arrest of Jose Baker, Sr. The director was within his discretion to believe that if he released the FIA file of Jose Baker, Jr., and Jose Baker, Sr., was arrested the next day, the release of that information would interfere with an ongoing criminal investigation. Therefore, the circuit court erred in finding the director abused his discretion in denying plaintiff's request for the FIA file of Jose Baker, Jr.

Regarding Heather Zavoda, and as with Patricia Wright, Jose Baker, Jr., and Tiara Stewart, in general, there is no evidence other than that the director reasonably relied on the local prosecuting attorneys' representations that the release of specified information would interfere with criminal investigations. In each case, the local prosecutor expressed a reason why the investigation was ongoing. Assuming plaintiff offered defendant information that the criminal investigations were not ongoing, the director reasonably favored the local prosecutors' determinations that the release of information may interfere with their criminal investigations, and, impliedly, ongoing investigations. The local prosecutors would have a better understanding of whether a criminal investigation was ongoing than would the director or plaintiff's reporter because prosecutors are involved in conducting the investigations. Moreover, plaintiff introduced information regarding whether there was an ongoing criminal

investigation of the deceased children's fathers, but did not address the possibility that there were other ongoing investigations.

Further, MCL 722.627e(2)(d) does not totally leave this determination at the discretion of the director since the statute provides that the information "shall not" be released when there is an ongoing criminal investigation and when the release would interfere with a criminal investigation "as determined by the local prosecuting attorney." The Legislature is presumed to have intended the meaning it plainly expressed. *Pohutski, supra* at 683. Statutory language must be read within its grammatical context unless something else was clearly intended. *Daimler-Chrysler Corp v Dep't of Treasury,* 258 Mich App 342; ___ NW2d ___ (2003). Accordingly, MCL 722.627e(2)(d) expresses that a determination is to be made by the director regarding whether an ongoing investigation is being conducted. The statute clearly intends that the determination whether releasing the information would interfere with the ongoing investigation be made by the local prosecuting attorney. Thus, the director's reliance on the local prosecuting attorneys' determinations was not an abuse of discretion as he is required by statute not to release the information when the local prosecuting attorney determines it would interfere with an ongoing criminal investigation. The initial decision regarding whether an ongoing investigation is being conducted is to be made by the director. There is, however, no basis on which to conclude that the director's reliance on statements by local prosecutors constitutes an abuse of discretion in this regard. The director's decisions were not violative of fact and logic and did

not overcome the strict standard that is found only in extreme cases. Rather, the director's conclusions that there were ongoing investigations, which conclusions were based on the local prosecutors' understandings, were reasonable under the circumstances and the circuit court clearly erred in finding that the director abused his discretion in this regard.

Next, we conclude that the circuit court erred in ordering defendant to release its file regarding Raven Owens. Defendant told plaintiff that a central registry case record for Owens did not exist. The only evidence that the FIA file of Owens exists is an assertion by reporter Kresnak that the "FIA has a file on [Owens] and its claim not to possess information about her death or the events leading up to her death is false." Defendant does not claim that it does not possess information relating to Owens. Rather, defendant asserts that it does not have a central registry case record for Owens. As mentioned above, the director may only release information that is contained in the central registry case record. While defendant may have information relating to Owens's death, it is not required to release information that is not contained in the central registry case record (" 'Specified information' means information in a central registry case record that relates specifically to referrals or reports of child abuse or neglect," MCL 722.622[y].). Therefore, the circuit court improperly ordered defendant to release Owens's FIA file because there is no central registry case record for Owens.[15]

---

[15] We note that plaintiff's brief on appeal indicates that it would not pursue this file if it received a clear statement from defendant that Owens's case was not a central registry case. Yet, the November 2001 letter from the director informed plaintiff that defendant did not possess

Regarding the files of Felicia Brown, Alexis Scott, Sequoia McCoy, Lady Monique Conley, and Crystal Goble, the director determined that the information sought included information that is inextricably specific to siblings of the children. The circuit court held "FIA is unnecessarily concerned with the disclosure of sibling information since the CPL requires that personal identifiers in released records be redacted." On appeal, defendant argues that the director has discretion to release specified information that "concerns a child who has died or concerns a member of the child's family." However, defendant's reliance on MCL 722.627d(2)(b)(iii) is inapposite because that provision provides a reason to release specified information, not to withhold it. See MCL 722.627d(2) (the director *may* release specified information).

Defendant further argues, in regard to Brown, Scott, McCoy, Conley, and Goble, that the fact that the media ran a story on a child does not compel the director to release specified information regarding the child. Specifically, defendant argues that the director still has discretion to withhold the information even if "[a] child abuse or neglect complaint or investigation to which the report or record containing the specified information relates has been part of the subject matter of a published or broadcast media story." MCL 722.627d(2)(b)(v). We agree that the director has discretion to deny a request for specific information even if it "has been part of the subject matter of a published or broadcast media story," as the term

specified information with regard to Owens that is part of a central registry case record that plaintiff may request.

"may" is used.[16] *Id.* Even when a media story has been published or broadcast regarding a child, the circuit court on appeal is still required to analyze a denial to release information under the three-part inquiry set forth above, and, importantly, needs to make a determination regarding whether the director abused his discretion. A director's failure to release information, when the statute provides he *may* release, does not automatically constitute an abuse of discretion by the director.

In the present case, the circuit court determined that the information sought was not prohibited from disclosure and rejected defendant's argument that the information necessarily included information inextricably specific to the children's siblings. Then the circuit court found that, "[i]n all these cases, the deaths of the children were the subject of media stories, and in some instances, the records were disclosed in judicial proceedings." But this finding only permits the director to release the specified information and does not require the director to do so, as the Legislature indicated by using the word "may." MCL 722.627d(2). The circuit court determined that the release of specified information was not prohibited and satisfied MCL 722.627d(2), but did not further consider, independently of those findings, whether the director abused his discretion in denying the request. In addition, as

---

[16] The word "may" designates discretion. *Old Kent Bank v Kal Kustom Enterprises*, 255 Mich App 524, 532; 660 NW2d 384 (2003). "As a general rule, 'the word "may" will not be treated as a word of command unless there is something in the context or subject matter of the act to indicate that it was used in such a sense.'" *Id.*, quoting *Mill Creek Coalition v South Branch of Mill Creek Intercounty Drain Dist*, 210 Mich App 559, 565; 534 NW2d 168 (1995). Therefore, the Legislature's use of the word "may" signifies that it intended the section to outline a permissive, as opposed to mandatory, action available to the director.

previously noted, the circuit court acted imprudently in ordering the release of files without having conducted a review of the documents. Therefore, reversal is required regarding the circuit court's order releasing the FIA files of Brown, Scott, McCoy, Conley, and Goble because the circuit court failed to consider the director's discretion to deny the release even though the specified information was not prohibited from release and satisfied MCL 722.627d(2).

V

The circuit court properly determined that the director's release of summaries of the FIA files regarding Jacobs, Ego, and Campbell was not a proper response to defendant's requests, and constituted a denial with regard to those specific requests. In addition, regarding Jackson, defendant's denial based on redundancy constitutes a denial with respect to plaintiff's specific request, which differed from the previous request. But, with regard to each of the fourteen children, the circuit court clearly erred in determining that defendant must release its files in their entirety to plaintiff because the CPL only authorizes the release of "specified information" in the central registry case record as defined by the CPL, and grants the director discretion in deciding when to release the specified information. The circuit court clearly erred by finding that the director abused his discretion in denying plaintiff's requests for the FIA files of Zavoda, Wright, Stewart, and Baker, because the director's finding, that there was an ongoing criminal investigation in each case, was reasonable and was not grossly violative of fact and logic. See *Randolph, supra* at 768. Further, the circuit court clearly erred in ordering the

release of Owens's FIA file because defendant is not required to release information that is not contained in the central registry case record. Also, with regard to the FIA files of Brown, Scott, McCoy, Conley, and Goble, the circuit court clearly erred because it failed to consider the director's discretion in denying the release of specified information even though its release was not prohibited pursuant to MCL 7.22.627e(2) and satisfied MCL 722.627d(2). With regard to each of the fourteen requests, the circuit court clearly erred to the extent it found that the director abused his discretion in denying the requests and in ordering the release of the requested records without reviewing what was contained in the records.

We reverse and remand. On remand we direct the circuit court to apply the three-part inquiry articulated above to each request being appealed by plaintiff. Summaries received from defendant constitute a denial of plaintiff's request and the circuit court should review these as any other denial. We also direct the circuit court to conduct an in camera review of the requested central registry case records to properly determine whether the director has abused his discretion in denying plaintiff's requests. We do not retain jurisdiction.